Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3078 | **DATE** | 5/3/2004 |
| **CASE TITLE** | Marilynne Finnegan vs. Marianjoy Rehabilitation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. This action is ordered remanded to the Circuit Court of the Eighteenth Judicial Circuit, DuPage County for lack of subject matter jurisdiction. Pursuant to this District Court's LR 81.2(b) the District Court Clerk shall mail the certified copy of the remand order forthwith.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 05 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 2 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/4/2004 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAY 0 5 2004

MARILYNNE FINNEGAN, )
)
        Plaintiff, )
)
v. ) No. 04 C 3078
)
MARIANJOY REHABILITATION HOSPITAL )
& CLINICS, INC., )
)
        Defendant. )

## MEMORANDUM ORDER

Marianjoy Rehabilitation Hospital & Clinics, Inc. ("Marianjoy") has just filed a timely (though just barely so) Notice of Removal ("Notice") to bring this pro se action by Marilynne Finnegan ("Finnegan") from the Circuit Court of the Eighteenth Judicial Circuit, DuPage County to this District Court. This Court sua sponte remands the action to its place of origin for lack of subject matter jurisdiction.

To be sure, Notice ¶4 correctly reflects that Finnegan's "Unfair Employment Practices Complaint" adverts to the Americans with Disability Act ("ADA") in one of its three counts: Count II, which is captioned "Wrongful Termination" (Finnegan's other two counts are labeled "Wrongful Hire" and "Retaliatory Termination"). But it is painfully obvious from all of Finnegan's allegations and from the exhibits attached to her Complaint--and, just as significantly, from what is not said in the Complaint or exhibits at all--that she has never begun (let alone exhausted) the administrative remedies that must be pursued



before such an employee may invoke court intervention to deal with such a claim (see 42 U.S.C. §12117(a), which incorporates for ADA purposes the powers, remedies and procedures prescribed by Title VII for other claims of employment discrimination).

Because Count II so obviously carries its own death warrant as an ADA claim, it is no better than frivolous in the legal sense taught by Neitzke v. Williams, 490 U.S. 319, 325 (1989).[1] Nearly six decades ago the Supreme Court identified such a flaw as one of the two exceptions to the normal principle that the facial invocation of federal jurisdiction compels the threshold exercise of such jurisdiction so that the viability of the claim may be tested on the merits--as Bell v. Hood, 327 U.S. 678, 682-83 (1946) teaches:

> The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.

In this situation it is Marianjoy rather than Finnegan that has looked to a "wholly insubstantial and frivolous" claim as the attempted ticket of entry to the federal court system--but the

---

[1] Over and above what has already been said in the text, Count II ¶10 identifies the termination of Marianjoy's employment of Finnegan as having taken place fully six years ago, so that any claim by Finnegan would be totally stale for ADA purposes even if the administrative precondition to filing suit had been satisfied. Hence any attempted claim under ADA is doubly frivolous from a legal perspective.

2

consequence is the same: the absence of federal jurisdiction over such a claim. Because the only even colorably viable claims advanced by Finnegan are thus her state law claims,[2] "it appears that the district court lacks subject matter jurisdiction" (28 U.S.C. §1447(c)), so that the same statute calls for a remand to the place of origin.[3] This action is accordingly remanded to the Circuit Court, and pursuant to this District Court's LR 81.2(b) the District Court Clerk shall mail the certified copy of the remand order forthwith.

                                                          Milton I. Shadur
                                                        Senior United States District Judge

Date: May 3, 2004

---

[2] This should not be misunderstood as expressing any substantive view on this Court's part as to whether such state law claims are tenable--that is something for the Circuit Court to determine on remand.

[3] It is worth observing that the inevitable corollary to retaining this case here would have been a swift (and inevitably successful) motion by Marianjoy to reject any purported ADA claim. And that would of course trigger a remand to address the state law claims. What purpose would be served by thus adding a period of delay to reach the same destination?